IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MACKENZIE KERR | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 18-309 |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY; STATE FARM | ) |
| INSURANCE COMPANY; | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY; and STATE FARM | ) |
| GENERAL INSURANCE COMPANY | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff MacKenzie Kerr brings this insurance coverage action against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") seeking recovery on the basis that State Farm failed to fulfill its duties to pay Uninsured Motorist ("UM") benefits under her insurance policy after she was injured in a hit-and-run accident. Ms. Kerr originally filed a Complaint in the Court of Common Pleas of Washington County on January 17, 2018, which was served upon State Farm on February 12, 2018. ECF No. 1-1. State Farm timely removed the case to this court on March 9, 2018, based upon diversity of the parties. ECF No. 1. Ms. Kerr alleges claims for Breach of Contract (Count I), Statutory Bad Faith under 42 Pa.C.S. § 8371 (Count II), and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") under 73 P.S. § 201-2 *et seq.* (Count III).[1] Pending before the Court is State Farm's

---

[1] On March 16, 2018, the parties stipulated that (1) references to breach of fiduciary duty in Paragraphs 60, 64(h), and 66 are stricken; (2) the claims for punitive damages, attorney's fees, and statutory bad faith damages in Count I are stricken; (3) plaintiff's claim for compensatory damages in Paragraph 67 is stricken; and (4) plaintiff's demand for punitive damages at Count III is stricken.

motion to dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 5. For the reasons stated below, State Farm's motion to dismiss Count III will be granted.

I.  BACKGROUND

The relevant facts as alleged in the Complaint are as follows. On or about August 10, 2014, at approximately 3:38 P.M., Plaintiff MacKenzie Kerr was lawfully driving her vehicle on Weirich Avenue in Washington County, Pennsylvania. Compl. ¶¶ 10-11, 15. An unknown driver traveling on the same roadway negligently swerved toward Ms. Kerr's vehicle without warning, causing Ms. Kerr to navigate her vehicle off the roadway where she struck a utility pole and suffered injuries. Compl. ¶¶ 12-13, 15, 18. The unknown driver fled the scene. Compl. ¶¶ 14, 17.

Ms. Kerr submitted a timely Uninsured Motorist (UM) claim to State Farm for bodily injuries suffered in the motor vehicle accident. Compl. ¶ 16. State farm acknowledged the UM claim, but never investigated the claim. Compl. ¶ 23. State Farm "asked Plaintiff to obtain the police report and do an investigation," and eventually "made extremely low and unreasonable settlement offers which were not made in a good faith attempt to adhere to their duties as the insurer of Plaintiff." Compl. ¶ 24. On October 3, 2014, counsel for Ms. Kerr sent correspondence to State Farm, again detailing the circumstances of the accident and requesting that State Farm "officially open an Uninsured Motorist benefits claim" for Ms. Kerr. Compl. ¶ 25. On October 14, 2014, State Farm acknowledged counsel's representation of Ms. Kerr. Compl. ¶ 26. On August 16, 2016, a new adjuster was assigned to Ms. Kerr's claim. Compl. ¶ 29. The new adjuster requested that Ms. Kerr's counsel complete an investigation. Compl. ¶ 31.

By December 7, 2016, another new adjuster was assigned to the claim, who on January 18, 2017, again asked Mr. Kerr's counsel to provide State Farm with investigative materials. Compl. ¶ 37.

On March 23, 2017, State Farm offered $3,090.08 to resolve Ms. Kerr's UM claim. Compl. ¶ 40. On April 13, 2017, Ms. Kerr's counsel sent correspondence to State Farm requesting an accounting of how it had evaluated the UM claim to arrive at the settlement offer. Compl. ¶ 41. On May 16, 2017, a new adjuster was assigned to the claim. Compl. ¶ 42. On October 12, 2017, counsel submitted a second demand for satisfaction of Ms. Kerr's UM claim, which outlined the nature of Ms. Kerr's injuries and ongoing treatments and requested a response within thirty days. Compl. ¶ 44.

In correspondence, dated November 3, 2017, State Farm did not acknowledge the October 12, 2017 demand letter or respond to the April 13, 2017 correspondence; instead, State Farm requested additional information. Compl. ¶ 45. Ms. Kerr's counsel called the adjuster on November 9, 2017 and learned that the adjuster had received the second demand letter, which she needed to review before providing a response. Compl. ¶ 46. On November 29, 2017, State Farm responded by offering $1,500.00 in settlement of the claim. Compl. ¶ 48. On December 5, 2017, the adjuster acknowledged that State Farm had previously offered $3,090.08, and increased the $1,500 offer to match the prior, higher offer. Compl. ¶ 49. State Farm, however, failed to provide an accounting of how the claim value was calculated. Compl. ¶ 50.

The adjuster explained State Farm's offer, as being based upon conflicting information as to the causality of Ms. Kerr's tinnitus. Compl. ¶ 51. On December 8, 2017, Ms. Kerr's counsel sent correspondence explaining, that State Farm had mischaracterized the medical records and requesting a full and complete evaluation of the claim. Compl. ¶¶ 51-53. On December 29, 2017, via voice mail and correspondence, Plaintiff's counsel again asked for a response and also

3

requested a certified copy of the subject insurance policy. Compl. ¶ 55. State Farm never responded to counsel's December 8, 2017 correspondence, or the December 29, 2017 request. Compl. ¶¶ 54, 56. On January 8, 2018, Ms. Kerr filed a Complaint in the Court of Common Pleas of Washington County.

## II. STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (*quoting Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const.*

4

*Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. The Court of Appeals has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)).

III. **DISCUSSION**

In claiming a violation of the UTPCPL in Count III, Ms. Kerr avers that "State Farm engaged in fraudulent and/or deceptive conduct by [denying] a valid claim and by delaying, failing to value and evaluating and denying payment of benefits and by creating confusion and/or misunderstanding through Defendants' claim representatives." Compl. ¶¶ 74-75. State Farm

contends that Ms. Kerr may not maintain her UTPCPL claim for three reasons: (i) the UTPCPL claim is barred by the economic loss doctrine; (ii) Ms. Kerr's allegation of improper claim handling is not actionable under the UTPCPL, and it is more properly asserted under the bad faith statute; and (iii) Ms. Kerr has failed to plead sufficient facts to support a UTPCPL claim, as there are no specific allegations of deceptive conduct, justifiable reliance, or ascertainable loss necessary for recovery. As discussed below, the Court disagrees that the economic loss doctrine prohibits Plaintiff's UTPCPL claim, but it agrees that Ms. Kerr's allegations as pleaded are more properly brought under the bad faith statue. Further, Ms. Kerr has failed to plead sufficient facts to support a UTPCPL claim, although she will be given leave to amend her Complaint to re-plead this claim if she chooses.

**a. Economic Loss Doctrine**

The economic loss doctrine bars a plaintiff from recovering tort damages for economic losses stemming solely from a breach of contract. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002). The economic loss doctrine prohibits claims if: (1) they arise solely from a contract between the parties; (2) the duties allegedly breached were created by and grounded in the contract; (3) the liability stems from a contract; or (4) the tort claim essentially duplicates a breach of contract claim or the success of a tort claim relies on the terms of a contract. *McGuckin v. Allstate Fire & Cas. Ins. Co.*, 118 F. Supp. 3d 716, 720 (E.D. Pa. 2015) (*quoting Pesotine v. Liberty Mut. Grp., Inc.*, Civ. A. No. 14-784, 2014 WL 4215535, at *4 (M.D. Pa. Aug. 25, 2014).

Here, State Farm argues that Ms. Kerr's UTPCL claim should be dismissed pursuant to the economic loss doctrine. In doing so, State Farm relies on the holding in *Werwinski*, 286 F.3d 661. In that case, the United States Court of Appeals for the Third Circuit, in predicting how the Pennsylvania Supreme Court would rule, held that the economic loss doctrine bars common law

6

intentional and statutory fraud claims, including those brought under the UTPCPL. *Id*. at 678, 681. In the absence of an intervening case by the Third Circuit or a Pennsylvania appellate court, the *Werwinski* holding would control, and Count III of the Complaint would be dismissed based upon the economic loss doctrine. However, in the intervening years, the Pennsylvania Superior Court has twice ruled that UTPCPL claims are not barred by the economic loss doctrine. *See Dixon v. Northwestern Mutual*, 146 A.3d 780, 790 (Pa. Super. Ct. 2016); and *Knight v. Springfield Hyundai*, 81 A.3d 940 (Pa. Super. Ct. 2013).

The question then turns to whether this Court is bound by the precedent of the Third Circuit Court of Appeals from *Werwinski* or by the subsequent Pennsylvania Superior Court rulings in *Knight* and *Dixon*. One week before the *Dixon* decision was issued, a panel of the Third Circuit Court again affirmed a District Court's dismissal of a UTPCPL claim in an unpublished, *per curiam* opinion on the basis of the economic loss doctrine, citing the binding precedent of *Werwinski*. *Berkery v. Verizon Commc'ns Inc*, 658 F. App'x 172, 174 (3d Cir. 2016). The decision in *Berkery* is unpersuasive, because, in addition to being an unpublished opinion, which is not binding precedent, neither the Third Circuit Court's *per curiam* opinion nor the District Court's opinion acknowledged that the Superior Court had directly addressed and ruled upon the issue in *Knight*. *See Berkery v. Verizon Commc'ns, Inc.*, No. 2:15-CV-1085, 2015 WL 6599694 (E.D. Pa. Oct. 29, 2015).

The District Courts in this Circuit have split on whether to apply the *Werwinski* Federal court ruling or the Superior Court ruling in *Knight* and *Dixon*. *See e.g. Lovelace v. Nationwide Mut. Ins. Co.*, No. CV 18-2701, 2018 WL 3818911, at *4 (E.D. Pa. Aug. 10, 2018) ("clear pronouncement by the Pennsylvania Superior Court in *Knight*—subsequently followed in *Dixon*—constitutes a clear change in law that has proved incorrect the Third Circuit's

7

prediction in *Werwinski*"); *Gusforff v. MNR Industries*, 2018 WL 3328021 (E.D. Pa. July 6, 2018) (finding that Court was bound by the Third Circuit's decision in *Werwinski*); *Pansini v. Trane Co.*, 2018 WL 1172461 (E.D. Pa. March 6, 2018)("the economic loss doctrine does not apply to claims under the UTPCPL"); *Powell v. St. Joseph's Univ.*, 2018 WL 994478 (E.D. February 20, 2018)(following holding in *Werwinski*); *Busch v. Domb*, 2017 WL 6525779 (E.D. Pa. Dec. 21, 2017)(economic loss doctrine does not bar UTPCPL claims); *Doe v. Trustees of Univ. of Pa.*, 270 F.Supp.3d 799 (E.D. Pa. September 13, 2017)(economic loss doctrine bars UTPCPL claims); *Landau v. Viridian Energy Pa, LLC*, 223 F.Supp.3d 401 (E.D. Pa. November 30, 2016)(economic loss doctrine does not bar UTPCPL claim); *Sosso v. Esb Bank*, 2016 WL 3855031 (W.D. Pa. July 15, 2016) )(economic loss doctrine does not bar UTPCPL claim); *Roberts v. NVR, Inc.*, 2015 WL 3745178 (W.D. Pa. June 15, 2015)(economic loss doctrine does not bar UTPCPL claim); *McGuckin v. Allstate Fire & Cas. Ins. Co.*, 118 F. Supp. 3d 716, 720 (E.D. Pa. 2015)( economic loss doctrine bars UTPCPL claims).

In assessing this tension, this Court is mindful that, "in the absence of a clear statement by the Pennsylvania Supreme Court to the contrary or other persuasive evidence of a change in Pennsylvania law," courts within the Third Circuit "are bound by the holdings of previous panels of this court." *Debiec v. Cabot Corp.*, 352 F.3d 117, 131 (3d Cir. 2003). But that rule has "well-established exceptions," including one "where there has been an intervening change in the law." *Landau*, 223 F. Supp. 3d at 412. (*citing In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009)). The Third Circuit has noted that, "when we are applying state law and there is persuasive evidence that it has undergone a change, we are not bound by our previous panel decision if it reflected our reliance on state law prior to its modification." *Robinson v. Jiffy Executive Limousine Co.*, 4 F.3d 237, 239–40 (3d Cir. 1993). Further,

8

"[a]lthough state intermediate appellate decisions are not automatically controlling where the highest court of the state has not spoken," the Court "must give serious consideration to the decisions of the intermediate appellate courts in ascertaining and applying state law." *Id*. at 242.

The UTPCPL and applicability of the economic loss doctrine appears to fit this criteria where deference to the state's intermediate courts is appropriate. The District Court in *Landau* noted, "the panel in *Werwinski* was painting on a blank canvas," and that fact alone "should give pause because the intermediate appellate courts of Pennsylvania have [since] twice rejected *Werwinski*." *Landau*, 223 F. Supp. 3d at 413. Likewise, one court observed "[w]e cannot ignore what the Pennsylvania courts have decided and how the law in Pennsylvania has evolved since *Werwinski* was decided." *Kantor v. Hiko Energy*, LLC, 100 F. Supp. 3d 421, 428 (E.D. Pa. 2015). The *Kantor* Court further observed that, "when the Pennsylvania intermediate appellate courts have ruled to the contrary and their decisions have not been overruled by the state's highest court, we are no longer compelled to follow the Third Circuit's prediction.... It is state law, not federal law, we must follow." *Id*. at 427. These principles are well-grounded in avoiding the perils of forum shopping. As the *Landau* Court noted, "[t]he current divergence between the federal and state courts" on the question whether a UTPCPL claim survives the economic loss doctrine "means that the outcome of a case is currently a function of forum." 223 F. Supp. 3d at 414. Where this is the case, the Third Circuit has directed district courts to avoid such a situation: "in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court [should] be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Chamberlain v. Giampapa*, 210 F.3d 154, 158–59 (3d Cir. 2000) (*quoting Guar. Trust Co. v. York*, 326 U.S. 99, 109 (1945)).

9

In the instant case, State Farm removed this matter from state court to federal court pursuant to 28 U.S.C § 1332. Had the case remained in state court, the trial court would have been compelled to follow the precedents of *Knight* and *Dixon*. This Court is persuaded that it should also follow the precedents of *Knight* and *Dixon*. Therefore, the Plaintiff's UTPCPL claim is not barred by the economic loss doctrine. Accordingly, State Farm's motion to dismiss Count III, on the basis of the economic loss doctrine, is denied.

### b. Legal and Factual Sufficiency of UTPCPL Allegations

Next, State Farm argues that Ms. Kerr's claim of improper claim handling is either not actionable under the UTPCPL, or in the alternative, that the UTPCPL claim is not pleaded with sufficient facts. The purpose of the UTPCPL "is to protect consumers from 'fraud and unfair or deceptive business practices.'" *Doherty v. Allstate Indem. Co.*, Civil Action No. 15-5165, 2016 WL 5390638, at *4 (E.D. Pa. Sept. 27, 2016) (*citing Commonwealth ex rel. Corbett v. Peoples Benefit Servs.*, 923 A.2d 1230, 1236 (Pa. Commw. Ct. 2007)). To that end, the UTPCPL prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," as defined by other provisions of the statute. 73 Pa. Stat. Ann. §§ 201-3 and 201-2(4). See 73 P.S. § 201-2(4). "To establish liability under the UTPCPL's catchall provision a plaintiff must present evidence showing: (1) a deceptive act that is likely to deceive a consumer acting reasonably under similar circumstances; (2) justifiable reliance; and (3) that the plaintiff's justifiable reliance caused ascertainable loss." *Slapikas v. First Am. Title Ins. Co.*, 298 F.R.D. 285, 292 (W.D. Pa. 2014) (Conti, J.) (*citing Seldon v. Home Loan Sews.*, 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009).

Here, the Complaint asserts that State Farm "failed to properly and timely investigate and approve the claim and, instead, unreasonably failed to place a value on the claim"; and "engaged

in fraudulent and/or deceptive conduct by denial of a valid claim and by delaying, failing to value and evaluate and denying payment of benefits and by creating confusion and/or misunderstanding through Defendants' claim representatives." Compl. ¶¶ 73-74. In reviewing all of the allegations of the Complaint and construing it in the light most favorable to Plaintiff, the Court finds that the Complaint fails to set forth factual content that could satisfy the required elements of a UTPCPL claim.

First, Ms. Kerr has not pleaded any deceptive act or conduct on the part of State Farm. For purposes of the UTPCPL, a deceptive act is understood as, "one that is 'likely to deceive a consumer acting reasonably under similar circumstances.'" *Doherty v. Allstate Indem. Co.*, No. CV 15-05165, 2016 WL 5390638, at *5 (E.D. Pa. Sept. 27, 2016) (*quoting Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 470 (E.D. 2009)). Notably, [i]n *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 498 (3d Cir. 2013), the Third Circuit predicted how the Pennsylvania Supreme Court would interpret "deceptive conduct." In doing so, the court examined the Pennsylvania Superior Court's decision in *Fazio v. Guardian Life Ins. Co.*, 62 A.3d 396 (Pa. Super. Ct. 2012), and noted that the "district court decisions on which the *Fazio* Court relied suggest that deceptive conduct does not require proof of the elements of common law fraud, but that knowledge of the falsity of one's statements or the misleading quality of one's conduct is still required." *Belmont*, 708 F.3d at 498. The *Belmont* Court also cited *Wilson v. Parisi*, 549 F. Supp. 2d 637, 666 (M.D. Pa. 2008), for the proposition that a deceptive act is "the act of intentionally giving a false impression or a tort arising from a false representation made knowingly or recklessly with the intent that another person should detrimentally rely on it." *Belmont*, 708 F.3d at 498 (internal quotations omitted).

Here, Ms. Kerr generally alleged elements under the UTPCPL without specific facts that would support the same. "General allegations that defendant engaged in deceptive conduct without specifying what that deceptive conduct actually was are insufficient; a plaintiff must identify the specific act, omission or misrepresentation 'in order to demonstrate that such confusion or misunderstanding was caused by certain acts or omissions on the part of the Defendants.'" *Doherty*, 2016 WL 5390638, at *6 (*quoting Farmerie v. Kramer*, No. 2071 WDA 2014, 2015 WL 6507844, at *9 (Pa. Super. Oct. 27, 2015)).

Second, Ms. Kerr has not pleaded facts that could establish her justifiable reliance on State Farm's alleged wrongful conduct. Fundamentally, the Complaint does not relate to the sale of the UM policy at issue; rather, it concerns State Farm's conduct during the claims handling process. However, "[a]llegations of misconduct in the claims handling process are not actionable under the UTPCPL." *Doherty*, 2016 WL 5390638, at *8. Rather, such claims are properly asserted under Pennsylvania's bad faith statute, which the Plaintiff has alleged in Count II. *See Gibson v. Progressive Specialty Ins. Co.*, No. 15-1038, 2015 WL 2337294, at *4 (E.D. Pa. May 13, 2015) Accordingly, several district courts have dismissed UTPCPL actions premised only upon alleged misconduct during the claims handling process. *See, e.g., Doherty*, 2016 WL 5390638, at *7; *Murphy v. State Farm Mut. Auto. Ins. Co.*, No. 16–2922, 2016 WL 4917597, at *6 (E.D. Pa. Sep. 15, 2016); *Phillips v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 4:14-CV-1919, 2015 WL 3454537, at *3-4 (M.D. Pa. May 29, 2015); *Monck v. Progressive Corp.*, No. 15-250, 2015 WL 1638574, at *7 (M.D. Pa. Apr. 13, 2015); *Smith v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 11-7589, 2012 WL 508445, at *4 (E.D. Pa. Feb. 16, 2012). Therefore, while Ms. Kerr's allegations may be properly asserted as a bad faith claim, her Complaint fails to plead sufficient facts to state a viable claim for damages under the UTPCPL. The Court grants

the Motion to Dismiss Count III. Count III of Plaintiff's Complaint is dismissed without prejudice. Ms. Kerr is granted leave to file an Amended Complaint as regards said Count III and in accord with this Opinion.

## IV. CONCLUSION

For the reasons stated above, the Court grants State Farm's motion to dismiss Count III, without prejudice. Because we are granting the motion to dismiss for failure to state a claim upon which relief can be granted, we "must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236. In this case, because the Court cannot conclude that there are no set of facts that could support a UTPCPL claim a curative amendment is permitted.

Dated: November 6, 2018            /s *Marilyn J. Horan*
                                                             Marilyn J. Horan
                                                             United States District Court Judge

## **ORDER**

AND NOW, this 6th day of November, 2018, after careful consideration and for the reasons set forth in the Opinion accompanying this Order, it is hereby ORDERED that Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss (ECF No. 5) is GRANTED.

Count III of Plaintiff's Complaint is dismissed, without prejudice, for failure to state a claim upon which relief can be granted. Plaintiff may file an amended complaint to reassert this claim. If Plaintiff chooses to file a curative amended complaint to reassert her dismissed claim,

such amended complaint must be in accord with the Opinion accompanying this Order and be filed no later than fourteen (14) days from the date of this Order.

Dated: November 6, 2018             /s *Marilyn J. Horan*
                                                         Marilyn J. Horan
                                                         United States District Court Judge